UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER SOLIS, | No. 2:14-cv-0686 KJM AC PS (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| TARGET CORPORATION, | |
| Defendant. | |

On April 13, 2016, this matter came before the undersigned for hearing of plaintiff's motion to withdraw deemed admissions. Attorney Jill Telfer appeared on behalf of the plaintiff. Attorney Enedina Cardenas appeared on behalf of the defendant.

Federal Rule of Civil of Procedure 36(b) provides that "the court may permit withdrawal . . . if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." See also Conlon v. U.S., 474 F.3d 616, 621 (9th Cir. 2007) ("rule permits the district court to exercise its discretion to grant relief from an admission made under Rule 36(a) only when (1) the presentation of the merits of the action will be subserved, and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits.").

/////

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." Conlon, 474 F.3d at 622 (citing Hadley v. U.S., 45 F.3d 1345, 1348 (9th Cir. 1995); see also Medina v. Donahoe, 854 F.Supp.2d 733, 748-49 (N.D. Cal. 2012) ("Where, as here, the admissions go directly to the ultimate questions at issue in this case, the presentation of the merits of this action would be subserved if defendant were allowed to prevail on the matters deemed to be admitted under Rule 36."). Here, upholding the admissions would practically eliminate any presentation of the merits of the case.

With respect to the second half of the test, "'[t]he prejudice contemplated by Rule 36(b) . . . . relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence' with respect to the questions previously deemed admitted.'" Conlon, 474 F.3d at 622 (quoting Hadley v. U.S., 45 F.3d 1345, 1348 (9th Cir. 1995)). "The party relying on the deemed admission has the burden of proving prejudice." Id.; see also Sonoda v. Cabrera, 255 F.3d 1035, 1039 (9th Cir. 2001) ("The party who obtained the admission has the burden of proving that allowing withdrawal of the admission would prejudice its case."). Here, defendant offers only a vague assertion that defendants may have some difficulty locating some witnesses. In this regard, the court finds that defendant has failed to prove prejudice.

Accordingly, upon consideration of the arguments on file and at the hearing, and for the reasons set forth on the record at the hearing, IT IS HEREBY ORDERED that plaintiff's March 18, 2016 motion to withdraw deemed admissions (ECF No. 57) is granted.[1]

DATED: April 13, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] The court anticipates that the parties will comply with Local Rule 251 in bringing any future discovery disputes. In this regard, instead of the responsive briefing provided by the parties, the parties should have filed a joint statement. The court could have dropped plaintiff's motion from calendar due to plaintiff's failure to file a joint statement, and will do so in the future if Rule 251 is violated.

2