1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JAVIER SOLIS,                                No.  2:14-cv-0686 KJM AC PS (TEMP)

12                    Plaintiff,

13         v.                                       ORDER

14    TARGET CORPORATION,

15                    Defendant.

16

17         On April 27, 2016, defendant filed a motion for a protective order.  ECF No. 73.  That

18    same day the parties filed a joint statement re discovery dispute.  ECF No. 74.  On May 3, 2016,

19    the undersigned took defendant's motion under submission.  ECF No. 75

20         In their joint statement re discovery dispute, counsel for defendant asserts that:

21              Plaintiff's counsel agreed to sequence plaintiff's deposition first,
                followed by Target's witness. Target has tried since July 2015 to
22              depose Plaintiff's deposition [sic].  Due to Plaintiff's scheduling
                issues, the earliest date she was available for plaintiff's deposition
23              was April.  Based on the parties' Feb 3 agreement, the earliest date
                Mark Baker could have been presented for a deposition would have
24              been a day after April 12.

25              Plaintiff's counsel cancelled plaintiff's deposition set for April 12
                and expected Target to drop everything to squeeze Plaintiff's
26              deposition in before Mark Baker's deposition on April 29.  When
                Target was unable to do so, Plaintiff's counsel tried to back out on
27              her word regarding the sequence of depositions, and insists that
                Mark Baker has to be deposed on April 29.

28

                                             1

1    ECF No. 74 at 11.[1]

2       However, Federal Rule of Civil Procedure 26(d)(3) provides that "[u]nless the parties

3    stipulate or the court orders otherwise . . . discovery by one party does not require any other party

4    to delay its discovery."  In this regard, as defendant acknowledges, "there is no rule of deposition

5    priority in federal court . . . ."  ECF No. 74 at 11; see also Brady v. Grendene USA, Inc., No.

6    12cv604-GPC (KSC), 2014 WL 4925578, at *4 (S.D. Cal. Sept. 26, 2014) ("As there is no rule of

7    'deposition priority,' this Court finds that the depositions noticed by the defendants should

8    proceed first."); Keller v. Edwards, 206 F.R.D. 412, 416 (D. Md. 2002) ("This is not to say that

9    there is anything wrong with good counsel attempting to take discovery in a sequence that affords

10    them a tactical advantage.").

11       "A motion for an order fixing the sequence or timing of discovery under Rule 26(d) is

12    appropriate, however, when a certain sequence or timing of discovery is necessary for the

13    convenience of the parties and witnesses and is in the interest of justice."  Stein v. Tri-City

14    Healthcare Dist., Civil No. 12-CV-2524-BTM (BGS), 2014 WL 458021, at *2 (S.D. Cal. Feb. 4,

15    2014).  Good cause is required to obtain an order fixing the sequence of depositions.  See id. at *1

16    ("Courts do not routinely grant protective orders altering the sequence of depositions.  'Good

17    cause' is required—i.e., a specific reason why one party's deposition should be taken before other

18    depositions are allowed.").

19       Here, counsel for defendant argues that "good cause" exists for "[a]n order setting the

20    deposition scheduling consistent with the parties' agreement" because such an order will "ensure

21    that Plaintiff's deposition goes forward once and for all."  ECF No. 74 at 11.  However, that

22    defendant would like to ensure plaintiff is deposed does not establish good cause to order the

23    sequencing of depositions.  Defendant has been, and remains, free to properly notice plaintiff's

24    deposition and to move for a motion to compel and/or for sanctions in the event plaintiff fails to

25    appear for a properly noticed deposition.

26    /////

27

28    [1]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1    Counsel for defendant also argues that an order sequencing the deposition would be more

2    convenient to Mark Baker because it would allow his "deposition [be] moved out a few weeks."

3    Id. at 12.  Defendant, however, fails to articulate why it is necessary to order the sequence of

4    depositions to address the convenience of the date set for Mark Baker's deposition.  Moreover,

5    the court is confident the parties can resolve this issue and, if not, a party may bring a motion to

6    compel or motion for a protective order related solely to the scheduling of Mark Baker's

7    deposition.  A court order sequencing depositions is not necessary.

8    Counsel for defendant also asserts that "[o]n April 15, 2016, plaintiff's counsel waited for

9    Mark Baker at his home to personally serve him with a subpoena to appear for a deposition on

10   April 29, 2016." Id. at 2.  Plaintiff's counsel allegedly did this, "despite knowing that Seyfarth

11   Shaw was authorized to accept service on his behalf and was coordinating the scheduling of his

12   deposition." Id.  Moreover, "[d]efense counsel is representing Mark Baker in the scope of this

13   litigation." Id.  at 10.

14   Mark Baker, however, is defendant's former employee and is not a party to this action.

15   Indeed, defendant states in the joint statement that "[a]s Target no longer employs Mark Baker,

16   Target cannot control his schedule." Id. at 4.  While counsel for defendant may have been willing

17   to accept service for Mark Baker, it is also true that counsel for defendant had informed plaintiff's

18   counsel that "Target would not present any witnesses" until plaintiff had been deposed. Id. at 5.

19   In this regard, that the parties could not agree on a date for the non-party deposition of

20   Mark Baker and, accordingly, plaintiff served Mark Baker with a subpoena as required by Rule

21   30.  Under the circumstances, it does not appear that the conduct of plaintiff's counsel was

22   inappropriate or unreasonable.

23   /////

24   /////

25   /////

26   /////

27   /////

28   /////

3

1

CONCLUSION

2        Accordingly, upon consideration of the arguments on file, and for the reasons set forth

3 above, IT IS HEREBY ORDERED that defendant's April 27, 2016 motion for a protective order

4 (ECF No. 73) is denied.

5 DATED: May 4, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28