UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER SOLIS, | No. 2:14-cv-00686-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| TARGET CORPORATION, a corporation, and DOES 1-100, inclusive,[1] | |
| Defendants. | |

This matter is before the court on plaintiff Javier Solis's motion for leave to amend the complaint. ECF No. 59. Defendant Target Corporation opposes the motion. ECF No. 62. The court submitted the matter as provided by Local Rule 230(g). As explained below, the court GRANTS IN PART and DENIES IN PART plaintiff's motion.

---

[1] The Ninth Circuit provides "[plaintiffs] should be given an opportunity through discovery to identify [] unknown defendants" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)) (modifications in original). Federal Rule of Civil Procedure 4(m), as recently amended, provides for dismissal of defendants not served within ninety days of filing of the complaint unless the plaintiff shows good cause. *See Glass v. Fields*, No. 1:09-00098, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. 11-01567, 2011 U.S. Dist. LEXIS 109837, at *2–4 (N.D. Cal. Sept. 27, 2011). Plaintiff will be ordered to show cause why the court should not dismiss the "Doe" defendants.

1

I.     BACKGROUND

In November 2012, plaintiff filed a complaint against Target with the California Department of Fair Employment and Housing ("DFEH") for discrimination, harassment, and retaliation because of his age, disability, family or medical leave, and medical condition. Cardenas Decl. ¶ 3, Ex. A, ECF No. 62-2; Compl. ¶ 32, Notice of Removal Ex. A, ECF No. 1. The DFEH issued a right-to-sue notice in March 2013. Cardenas Decl. ¶ 5, Ex. C; Compl. ¶ 32. On July 23, 2013, plaintiff filed a second complaint against Target with the DFEH for discrimination, harassment, and retaliation because of his disability, engagement in protected activity, family or medical leave, and medical condition. Cardenas Decl. ¶ 6, Ex. D; Compl. ¶ 33. Plaintiff sought and received a right-to-sue notice that same day. Cardenas Decl. ¶ 6, Ex. D at 3–4; Compl. ¶ 33.

On January 29, 2014, plaintiff filed a complaint against Target in the Yolo County Superior Court for discrimination, harassment, and retaliation because of his disability and protected leave. Notice of Removal ¶ 1 & Ex. A, ECF No. 1. Specifically, the complaint asserts the following seven claims: (1) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940(a); (2) failure to accommodate plaintiff's disability in violation of FEHA, *id.* § 12940(m); (3) failure to engage in interactive process in violation of FEHA, *id.* § 12940(n); (4) retaliation in violation of FEHA, *id.* § 12940(h); (5) retaliation for taking protected leave in violation of the California Family Rights Act ("CFRA"), *id.* 12945.2; (6) retaliation for taking protected leave in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(2); (7) failure to prevent discrimination and retaliation in violation of FEHA, Cal. Gov't Code § 12940(k); and (8) wrongful termination in violation of public policy. *See generally*, Compl., Notice of Removal Ex. A, ECF No. 1.

Defendant removed the action to this court on March 13, 2014. Notice of Removal, ECF No. 1. On April 23, 2015, the court granted plaintiff's counsel's motion to withdraw. ECF No. 20. On July 14, 2015, the court ordered plaintiff to show cause why the case should not be dismissed for failure to prosecute. ECF No. 31. The court also vacated the case schedule and stayed the case. *Id.* The court lifted the stay on October 29, 2015, ECF No. 42, and

2

1  held a status conference on December 10, 2015, ECF No. 45.  The court advised the parties it was
2  unable to identify pro bono counsel to represent plaintiff, *id.*, and referred the case to the
3  magistrate judge under Local Rule 302(c)(21), ECF No. 49.  On January 28, 2016, the magistrate
4  judge granted plaintiff's request to substitute Jill P. Telfer as counsel.  ECF No. 52.  The
5  magistrate judge referred the case back to the undersigned on February 1, 2016, ECF No. 53.  The
6  court held a status conference to discuss case scheduling on March 17, 2016, ECF No. 56, and
7  subsequently issued a Status (Pretrial Scheduling) Order, ECF No. 67.

On March 21, 2016, plaintiff filed the instant motion for leave to amend the complaint.  ECF No. 59.  Defendant opposed the motion,[2] ECF No. 62, and plaintiff replied, ECF No. 68.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend the pleading] when justice so requires," Fed. R. Civ. P. 15(a)(2), and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments," *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).  "In exercising its discretion [regarding granting or denying leave to amend,] 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  However, "the liberality in granting leave to amend is subject to several limitations . . . . includ[ing] undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (internal citations and quotation marks omitted).

## III.  DISCUSSION

More than two years after filing the original complaint, plaintiff seeks leave to amend the complaint to add a cause of action for age discrimination under FEHA, to modify the

---

[2] Defendant objects to portions of Ms. Telfer's declaration in support of plaintiff's motion for leave to amend.  ECF No. 62-1.  The court does not rely on the challenged representations and therefore overrules the objections as moot.

3

1  wrongful termination claim to include allegations of age discrimination, and to dismiss the claim
2  for retaliation under the FMLA as duplicative of the claim for retaliation under the CFRA.  ECF
3  No. 59 at 1, 3.  Plaintiff argues the court should grant leave to amend because plaintiff diligently
4  proceeded with the motion once Ms. Telfer was substituted as counsel, the motion is not brought
5  in bad faith, and the court has an interest in resolving the case on the merits.  *Id.* at 3–5.  In
6  addition, plaintiff claims defendant will not be prejudiced by the amendment, because plaintiff
7  has yet to be deposed and the discovery cut off deadline is not until November 18, 2016.  *Id.*
8  Plaintiff contends the new claims relate back to the original complaint under Rule 15(c)(1)(B),
9  because they are based on the same adverse acts Target took against plaintiff with respect to his
10 employment.  *Id.*

11        Defendant does not oppose plaintiff's request to dismiss the claim for retaliation
12 under the FMLA but opposes plaintiff's request to add new allegations and claims of age
13 discrimination for a number of reasons.  ECF No. 62 at 1, n.1.  First, defendant argues
14 amendment is not warranted at this stage, because plaintiff's previous counsel could have added
15 claims for age discrimination but chose not to, and the discovery exchanged in this case thus far
16 does not support the proposed claims for age discrimination.  *Id.* at 1, 4, 8–9.  Second, defendant
17 argues the proposed amendments are time-barred and do not relate back to the original complaint
18 because "[c]laims for harassment or retaliation based on age discrimination do not arise from the
19 same set of operative facts as claims for disability discrimination."  *Id.* at 1.  Third, plaintiff's
20 counsel is representing another plaintiff in a separate and unrelated action against Target, and
21 Target has "grave concerns" plaintiff's counsel is requesting the amendment to support discovery
22 in the other case.  *Id.* at 1–2.  Fourth, Target argues it would be unduly prejudiced because the
23 proposed amendments "would prolong discovery, causing further expense and delay to Target."
24 *Id.* at 9.  Finally, Target argues fairness and judicial economy warrant denying the motion,
25 because the parties have litigated the issues in this case for three years.  *Id.* at 2.

26        As explained below, the court finds amendment would be futile because plaintiff's
27 age discrimination claims are time-barred and do not relate back to the original complaint under
28 Rule 15(c).  A civil action for age discrimination under FEHA must be filed within one year after

1  the date the DFEH issues a right-to-sue notice. Cal. Gov't Code § 12965(b). Here, the DFEH
2  issued a right-to-sue notice in response to plaintiff's age discrimination complaint on March 27,
3  2013, Cardenas Decl. Ex. C, so the statute of limitations to file a civil action alleging age
4  discrimination expired on March 27, 2014. Plaintiff does not advance any tolling argument, and
5  the court is not aware of any tolling provision that would apply here. Accordingly, plaintiff's
6  proposed age discrimination claims are time-barred unless they relate back to the original
7  complaint, which was filed in state court on January 29, 2014, *see* Compl., Notice of Removal
8  Ex. A, ECF No. 1.

9        Under Rule 15(c), an amendment relates back to the date of the original pleading
10 when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set
11 out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "Claims
12 arise out of the same conduct, transaction, or occurrence if they share a common core of operative
13 facts such that the plaintiff will rely on the same evidence to prove each claim." *Williams v.*
14 *Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008) (internal quotation marks and citations omitted);
15 *see also Mayle v. Felix*, 545 U.S. 644, 664 (2005). Relation back is "ordinarily allowed 'when
16 the new claim is based on the same facts as the original pleading and only changes the legal
17 theory.'" *Mayle*, 545 U.S. at 664 n.7 (quoting 3 J. Moore, et al., Moore's Federal Practice
18 § 15.19[2], at 15–82 (3d ed. 2004)); *accord Boeing Co.*, 517 F.3d at 1133.

19       Here, the court finds plaintiff's proposed age discrimination claims do not relate
20 back to plaintiff's original disability discrimination claims. Although both sets of claims arise
21 from the same adverse employment acts, the claims do not "share a common core of operative
22 facts such that the plaintiff will rely on the same evidence to prove each claim." *See Boeing Co.*,
23 517 F.3d at 1133. This court's previous decision in *Middlekauff v. KCRA-TV*, No. 12-105, 2012
24 WL 5388139 (E.D. Cal. Nov. 1, 2012), is illustrative here as well. In *Middlekauff*, the plaintiff
25 initially brought a claim for age discrimination and later amended the complaint to add a claim
26 for disability discrimination, outside the relevant limitations period. *Id.* at *3. The defendants
27 moved to dismiss the new disability discrimination claim as time-barred. *Id.* The court found
28 that although the claims each arose from the defendants' decision to terminate the plaintiff's

5

employment and "some of the facts overlap[ped]," the claims ultimately relied on different evidence:

> [Plaintiff's] disability-based *Tameny* claim will require him to show that he was disabled within the meaning of California's FEHA, that he was otherwise qualified for the job, and that he was terminated because of the physical disability. *Scotch v. Art Inst. of California–Orange County*, 173 Cal. App. 4th 986, 1006 (2009). He will thus have to present evidence relating not only to his physical limitations but also to his job requirements. To show his age-based claim, however, he must show that he was a member of a protected class, he was performing competently in his position, he was terminated, and some evidence suggesting a discriminatory motive, such as that he was replaced by a substantially younger employee. *Juell v. Forest Pharm., Inc.*, 456 F. Supp. 2d 1141, 1150 (E.D. Cal. 2006); *Begnal v. Canfield Assoc., Inc.*, 78 Cal. App. 4th 66, 75 (2000).

*Id.* at *4; *cf. Rodriguez v. Airborne Express*, 265 F.3d 890, 898–900 (9th Cir. 2001) (amendment to administrative complaint adding disability discrimination charge did not relate back to original race discrimination charge). Here, although plaintiff originally brought claims for disability discrimination and now seeks to add claims for age discrimination, whereas *Middlekauff* involved the inverse scenario, the same reasoning applies. To prevail on his proposed age discrimination claims, plaintiff would have to prove additional facts that were not alleged in the original complaint. The court finds plaintiff's proposed age discrimination claims do not relate back to the original complaint, and granting leave to amend the complaint to assert such claims would therefore be futile.

In addition, notwithstanding the appearance of new counsel and considering the totality of the record, the court finds it would not be in the interest of justice to grant leave to amend at this stage of the proceeding, more than two years after the initial filing of the civil action, *see* Compl., Notice of Removal Ex. A, ECF No. 1, and almost four years after plaintiff's employment with Target was terminated, *see id.* ¶ 31 (plaintiff terminated in July 2012). Plaintiff has had knowledge that he could assert age discrimination claims since he filed his DFEH charge making age-based allegations in November 2012. *See* Cardenas Decl. ¶ 3, Ex. A. Nevertheless, plaintiff did not bring claims for age discrimination in the complaint in this civil action, or attach the 2012 DFEH charge alleging age discrimination to the complaint. Compl. Notice of Removal Ex. A, ECF No. 1.

Plaintiff has not identified any new evidence or otherwise shown good cause for his delay in bringing the proposed claims.  Although plaintiff was not represented by counsel between April 2015 and January 2016, plaintiff was represented by counsel before that point, beginning at least as early as the date he originally filed his complaint in January 2014, *see* Compl., Notice of Removal Ex. A, ECF No. 1.

IV. CONCLUSION

For the foregoing reasons, the court orders the following:

1. The court DENIES plaintiff's motion for leave to amend the complaint to add new allegations and claims relating to age discrimination.

2. The court GRANTS plaintiff's motion for leave to amend the complaint to dismiss his claim for retaliation under the FMLA.  Plaintiff shall file a first amended complaint in accordance with this order within fourteen (14) days of the date this order is filed.

3. Plaintiff is hereby ORDERED, within fourteen (14) days of the date this order if filed, to show cause why the court should not dismiss the "Doe" defendants.

IT IS SO ORDERED.

DATED: May 5, 2016.

UNITED STATES DISTRICT JUDGE